## Rapper's Delight Ventures, LLC v Peets

2024 NY Slip Op 33463(U)

October 1, 2024

Supreme Court, New York County

Docket Number: Index No. 650719/2024

Judge: Andrea Masley

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| PRESENT: | HON. ANDREA MASLEY | PART | 48 |
|---|---|---|---|
| | *Justice* | | |

-------------------------------------------------------------------------------X

RAPPER'S DELIGHT VENTURES, LLC,

INDEX NO.     650719/2024

                Plaintiff,

MOTION DATE       -

         - v -

MOTION SEQ. NO.    001 002

WILLIAM PEETS,

               Defendant.

## DECISION + ORDER ON MOTION

-------------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 001) 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 27, 28, 29, 30, 31, 32, 34

were read on this motion to/for                      SEAL               .

The following e-filed documents, listed by NYSCEF document number (Motion 002) 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 82, 84, 85, 90, 106, 108, 109

were read on this motion to/for                      SEAL               .

Upon the foregoing documents, it is

      In motion sequence number 001, plaintiff Rapper's Delight Ventures, LLC (RDV) moves pursuant to the Uniform Rules of the New York State Trial Courts (22 NYCRR) § 216.1 to redact NYSCEF Doc. No. [NYSCEF] 8[1]  (January 26, 2024 Peet's correspondence), NYSCEF 9[2] (February 9, 2024 RDV's correspondence), NYSCEF 10[3] (stipulation regarding search terms), and NYSCEF 14[4] (Mullen affirmation in support of motion sequence 001.)  This motion is opposed by defendant William Peets.

---

[1] NYSCEF 8 is refiled at NYSCEF 17 with RDV's proposed redactions under seal.  A redacted copy is publicly available at NYSCEF 20.
[2] NYSCEF 9 is refiled at NYSCEF 18 with RDV's proposed redactions under seal.  A redacted copy is publicly available at NYSCEF 21.
[3] NYSCEF 10 is refiled at NYSCEF 19 with RDV's proposed redactions under seal.  A redacted copy is publicly available at NYSCEF 22.
[4] A redacted copy is publicly available at NYSCEF 15.

[* 1]

In motion sequence number 002, RDV moves pursuant to the Uniform Rules of the New York State Trial Courts (22 NYCRR) § 216.1 to redact the NYSCEF 29[5] (Long affirmation), NYSCEF 31[6] (defendant's memorandum in opposition to plaintiff's application for motion to seal), NYSCEF 36[7] (Mullen affirmation in support of motion sequence 002), NYSCEF 41[8] (January 8, 2024 email correspondence), NYSCEF 43[9] (March 8, 2024 email correspondence),  NYSCEF 45[10] (May 2, 2024 email correspondence among counsel), NYSCEF 48[11] (May 22, 2024 email correspondence among counsel), and NYSCEF 51[12] (memorandum of law in support of motion sequence 002.)  This motion is unopposed.

## Discussion

"Under New York law, there is a broad presumption that the public is entitled to access to judicial proceedings and court records."  (*Mosallem v Berenson*, 76 AD3d 345, 348 [1st Dept 2010] [citations omitted].)  The public's right to access is, however, not absolute, and under certain circumstances, "public inspection of court records has been limited by numerus statutes." (*Id*. at 349.)  One of those statutes is section 216.1 (a) of the Uniform Rules for Trial Courts, which empowers courts to seal documents upon a written finding of good cause. It provides:

---

[5] A redacted copy is publicly available at NYSCEF 30.
[6] A redacted copy is publicly available at NYSCEF 32. RDV seeks more redactions on NYSCEF 32 which was refiled at NYSCEF 39.  A redacted copy of NYSCEF 39 is publicly available at NYSCEF 40.
[7] A redacted copy is publicly available at NYSCEF 37.
[8] A redacted copy is publicly available at NYSCEF 42.
[9] A redacted copy is publicly available at NYSCEF 44.
[10] A redacted copy is publicly available at NYSCEF 46.
[11] A redacted copy is publicly available at NYSCEF 49.
[12] A redacted copy is publicly available at NYSCEF 52.

"Except where otherwise provided by statute or rule, a court shall not enter an order in any action or proceeding sealing the court records, whether in whole or in part, except upon a written finding of good cause, which shall specify the grounds thereof.  In determining whether good cause has been shown, the court shall consider the interests of the public as well as of the parties.  Where it appears necessary or desirable, the court may prescribe appropriate notice and opportunity to be heard."

The "party seeking to seal court records has the burden to demonstrate compelling circumstances to justify restricting public access" to the documents. (*Mosallem*, 76 AD3d at 349 [citations omitted].)  Good cause must "rest on a sound basis or legitimate need to take judicial action." (*Danco Lab Ltd. v Chemical Works of Gedeon Richter, Ltd.*, 274 AD2d 1, 8 [1st Dept 2000] [internal quotation marks omitted].)

The court notes that a confidentiality agreement entered into for purposes of exchanging information does not constitute good cause to seal**.**  Rather, it demonstrates the steps taken to protect confidential information and can lend support to an argument for  redacting.  (*See Linkable Networks, v Mastercard Inc.*, 75 Misc. 3d 1231[A], *5 [Sup Ct, NY County 2022].)  Parties may designate information as confidential, but it is another matter whether the information can be shielded from the public.  In sum, a confidentiality agreement does not excuse RDV from making a showing of good cause why certain information should be redacted.  (*See Eccles v Shamrock Capital Advisors, LLC*, 2023 NY Slip Op 32730[U], *5 [Sup Ct, NY County 2023] [internal quotation marks omitted].)

"While there is not 'a per se sealing rule for records submitted to the court in connection with arbitration proceedings' where, 'as is common among parties to arbitration, the parties had a strong expectation of confidentiality even in court proceedings to confirm the award,' redaction may be appropriate." (*Regal Cinemas,*

**650719/2024   RAPPER'S DELIGHT VENTURES, LLC vs. PEETS, WILLIAM**
**Motion No.  001 002**

**Page 3 of 6**

*Inc. v Atom Tickets, LLC*, 2022 NY Misc. LEXIS 25050, *3 [Sup Ct, NY County Aug. 22, 2022, No. 652782/2021] [citation omitted].)

RDV seeks to redact NYSCEF 8, 9, and 10, which Peets filed as exhibits to his amended answer. RDV argues that these documents should be sealed because they contain sensitive information related to the parties' confidential agreements and financial information. RDV also seeks to redact its counsel's affirmation (NYSCEF 14) which restates some of the sensitive information in these documents. In response, Peets argues that RDV waived confidentiality when it filed a complaint disclosing non-public financial and confidential information without seeking to redact and/or seal. The court rejected this argument on the record at argument.

RDV demonstrates good cause to redact NYSCEF 8, 9, 10 and 14 to protect its confidential and financial information. The redactions RDV seeks regarding the parties' confidential agreements are narrow and there has been no showing of a legitimate public interest in this information. RDV did not waive confidentiality by filing a complaint that contains non-sensitive corporate information and indemnification clauses which are the basis for seeking relief in this action. In fact, RDV immediately filed a motion to seal as soon as Peets filed confidential information. (*See Fischman v Mitsubishi Chem. Holdings Am., Inc.,* 2019 US Dist LEXIS 115616, *6 [SDNY 2019] ["a party fails to take immediate steps to request that publicly filed materials be sealed, its request to redact or seal may be denied for that reason" (citation omitted)].)

RDV also demonstrates good cause to redact NYSCEF 29, 31, 36, 41, 43, 45, 48, and 51. RDV seeks to redact confidential identity of RDV's adversary in a private arbitration and identities of entities in which RDV made investments. Good cause exists

**650719/2024  RAPPER'S DELIGHT VENTURES, LLC vs. PEETS, WILLIAM**
**Motion No.  001 002**

**Page 4 of 6**

4 of 6

when there are narrow redactions of materials related to a private arbitration and there has been no showing of a legitimate public interest in this information. (*See Regal Cinemas, Inc.,* 2022 NY Misc. LEXIS 25050, *3.)

Accordingly, it is

ORDERED that motion sequence number 001 is granted and the County Clerk, upon service of this order, shall seal NYSCEF 8, 17, 9, 18, 10, 19, and 14; and it is further

ORDERED that motion sequence number 002 is granted and the County Clerk, upon service of this order, shall seal NYSCEF 29, 31, 36, 41, 43, 45, 48, 52, 32, and 39; and it is further

ORDERED the New York County Clerk shall restrict access to the sealed documents with access to be granted only to authorized court personnel and designees, the parties and counsel of record in the above-captioned action, and any representative of a party or of counsel of record upon presentation to the County Clerk of written authorization from counsel; and it is further

ORDERED that RDV serve a copy of this order upon the Clerk of the Court and the Clerk of the General Clerk's Office in accordance with the procedures set forth in the Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases (accessible at the "E-Filing" page on the court's website at the address www.nycourts.gov/supctmanh)]; and it is further

ORDERED that if any party seeks to redact identical information in future filings that the court is permitting to be redacted here, that party shall submit a proposed

sealing order to the court (via SFC-Part48@nycourts.gov and NYSCEF) instead of filing another seal motion; and it is further

ORDERED that this order does not authorize sealing or redacting for purposes of trial; and it is further

ORDERED that RDV shall file in NYSCF a copy of the transcript.

20241001400450AMASLEY92FFA3A42B65436297F367F76F94EA3B

| | | | | |
|---|---|---|---|---|
| **10/1/2024** | | | | **ANDREA MASLEY, J.S.C.** |
| **DATE** | | | | |
| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION |
| | X | GRANTED | ☐ DENIED | GRANTED IN PART | ☐ OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | ☐ REFERENCE |

650719/2024   RAPPER'S DELIGHT VENTURES, LLC vs. PEETS, WILLIAM
Motion No.  001 002

Page 6 of 6

6 of 6